UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| LARRY MARKOWSKI and VALERIE MARKOWSKI, ) ) ) | |
| Plaintiffs, ) ) | |
| v. ) ) ) | No. 3:07-cv-104 (Phillips) |
| ALLSTATE PROPERTY AND CASUALTY COMPANY, ) ) ) ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on defendant's Motion to Dismiss [Doc. 24]. Pursuant to Rule 37 of the Federal Rules of Civil Procedure, defendant requests that plaintiffs' action be dismissed due to plaintiffs' failure to comply with discovery orders. [*Id*.].

Defendant has also filed a counterclaim [Doc. 7 at 6-8]. Defendant argues that plaintiff is liable to a sum not exceeding twenty-five percent (25%) of the amount of the loss claimed under the insurance policy. [*Id*.]. Defendant requests that the Court enter default judgment on its counterclaim. [Doc. 24].

For the reasons that follow, defendant's Motion to Dismiss [Doc. 24] is **GRANTED IN PART AND DENIED IN PART**, whereby plaintiffs' action is **DISMISSED WITH PREJUDICE** under Rule 37(b)(2)(A) of the Federal Rules of Civil Procedure**,** and defendant's request for default judgment on its counterclaim is **DENIED**.

I. BACKGROUND

The Court will now examine the procedural history of this case to determine whether it

1

should be dismissed under Rule 37(b)(2)(A) of the Federal Rules of Civil Procedure. As background, this case was removed to federal court on May 22, 2007. [Doc. 1]. Defendant submitted its initial disclosures on May 14, 2007. [Doc. 20-1]. On May 28, 2008, defendant attempted to initiate a Rule 26(f) planning meeting. [Doc. 20-2]. As of today- more than three years after this case was removed- plaintiffs have failed to comply with discovery requirements. In particular, plaintiffs have failed to participate in a Rule 26(f) planning meeting.

On September 16, 2008, the Court entered a Show Cause Order. [Doc. 21]. In that Order, plaintiffs were instructed to explain why sanctions should not be entered against them. [*Id*.]. On October 16, 2008, plaintiffs responded to the Show Cause Order. [Doc. 23]. Plaintiffs argued that their status as *pro se* litigants excused their failure to comply with discovery orders:

> . . . [Plaintiffs] do not understand what a discovery planning meeting is. We feel that it would be in our best interest not to answer anything pertaining to Allstate Property and Casual Insurance unless we are in Court . . . We are representing ourselves in Court and are willing to answer anything for the court . . . It would greatly be appreciated that our case not in any way be dismissed, we are willing to come to court.

[*Id*.]. On April 30, 2009, a status conference was held in which the parties discussed defendant's Motion to Dismiss [Doc. 24]. Plaintiffs informed the Court that they were in the process of retaining counsel, and the Court decided to continue the trial to a later date. [Doc. 29]. On May 26, 2009, plaintiffs' new attorney, Bryan L. Capps, filed a Notice of Appearance with the Court. [Doc. 31].

Despite having legal representation, there is no indication that plaintiffs have followed the discovery orders. [*See* Doc. 19]. More than three years after this case was removed, there is no evidence that plaintiffs have participated in a Rule 26(f) planning meeting.

## II. ANALYSIS

### A. Plaintiffs' Action is Dismissed under Rule 37(b)(2)(A) of the Federal Rules of Civil Procedure

Under Rule 37(b)(2)(A) of the Federal Rules of Civil Procedure, a district court "may sanction parties who fail to comply with its orders in a variety of ways, including dismissal of the lawsuit." *Bass v. Jostens, Inc.*, 71 F.3d 237, 241 (6th Cir. 1995). Dismissal is an appropriate sanction "where the party's failure to cooperate with the court's discovery orders is due to willfulness. A willful violation occurs whenever there is a conscious and intentional failure to comply with the court order." *Id*.

In deciding whether to dismiss an action under Rule 37(b)(2)(A), the court must consider the following four factors: "(1) evidence of willfulness or bad faith; (2) prejudice to the adversary; (3) whether the violating party had notice of the potential sanction;(4) whether less drastic sanctions have been imposed or ordered." *Phillips v. Cohen*, 400 F.3d 388, 402 (6th Cir. 2005) (citing *Bass*, 71 F.3d at 241). The court will consider each factor in turn.

First, there is no evidence that plaintiffs' failure was in good faith. Plaintiffs argue that they failed to comply with the discovery orders because they did not understand the requirement of a 26(f) planning meeting. While plaintiffs may have had *pro se* status at the time the Show Cause Order [Doc. 21] was entered [*See* Doc. 12, where plaintiffs indicated their desire to proceed *pro se* after the termination of their counsel], plaintiffs are still required to comply with the Scheduling Order. It is true that *pro se* pleadings are held to a less stringent standard than pleadings drafted by a lawyer, but that does not excuse *pro se* litigants from having to comply with the Federal Rules of Civil Procedure. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Sixth Circuit addressed this issue in *In re Family Resorts of America, Inc.*, 972 F.2d 347, at *3 (6th Cir. 1992).

In *In re Family Resorts of America*, the plaintiffs argued that they could not comply with discovery orders because they were acting *pro se*. *Id*. The court rejected that argument, holding that "[w]e cannot agree that this fact [*pro se* status] excuses the defendants failure to comply with

3

discovery orders." *Id*. As the court explained:

> First, the pro se status of Eberhardt and Monea was entirely of their own choosing. Both defendants originally had counsel, who later withdrew. Both defendants were given time to obtain counsel, which they failed to do. Second, the district court found that the bankruptcy court's orders were written in plain language understandable by laymen. The defendants clearly could have responded properly or retained counsel. Indeed, the defendants do not claim they could not respond to the discovery requests, only that the court did not inform them of how to do so properly. We have noted, however, that mere pro se status will not excuse a failure to respond properly to discovery requests.

*Id*. (citations omitted). Likewise, in the present case, the Show Cause Order made clear that plaintiffs could retain counsel, and that failure to show cause regarding their failure to follow discovery orders could result in dismissal of their action. [Doc. 21]. In addition, since plaintiffs obtained legal representation from Bryan Capps on May 26, 2009, there is no indication that plaintiffs have complied with discovery orders.

Second, plaintiffs' repeated failure to cooperate is unfairly prejudicial to defendant. This lawsuit was removed to federal court on March 22, 2007. [Doc. 1]. Defendant submitted its initial disclosures on May 14, 2007. [Doc. 20-1]. On May 28, 2008, defendant attempted to initiate a Rule 26(f) planning meeting. [Doc. 20-2]. In *Bass v. Jostens*, the Sixth Circuit held that it was unfairly prejudicial for the plaintiff to refuse to answer interrogatories and produce documents when such delay was over a year after the complaint was filed. 71 F.3d at 241. In the present case, plaintiffs have failed to comply with discovery orders even though the case was removed more than three years ago, and even though plaintiffs now have legal representation. While the prejudice prong is not satisfied by delay alone, is it reasonable to believe that the delay has resulted in "the loss of evidence, increased difficulties in discovery, or greater opportunities for fraud and collusion." *Berthelsen v. Kane*, 907 F.2d 617, 621 (6th Cir. 1990). Certainly, the failure to participate in a Rule 26(f) planning meeting has led to "increased difficulties in discovery." *Id*. In particular, the failure

4

to have such meeting has prevented defendant from gathering evidence to support its defense.

Third, plaintiffs have been warned that continued failure to comply with discovery orders would result in the case being dismissed. In the Order to Show Cause, the Court made clear that plaintiffs faced possible dismissal of their lawsuit:

> Plaintiffs are ORDERED to SHOW CAUSE in writing on or before October 15, 2008, as to why sanctions should not be entered against them for failure to comply with discovery orders. Pursuant to Rule 37(b)(2), such sanctions may include dismissal of the action and an entry of default judgment in favor of defendant with regard to defendant's counterclaim.

[Doc. 21 at 1]. Since September 16, 2008, plaintiffs have been on notice that repeated failure to comply with discovery orders would result in dismissal of their action. Accordingly, this factor weighs in favor of dismissing plaintiffs' action.

As for the fourth factor - whether less drastic sanctions have been imposed- the Court finds that this factor weighs in favor of not dismissing plaintiffs' action. However, because no factor is dispositive, and because the other factors weigh heavily in favor of dismissing plaintiffs' action- bad faith, prejudice, and sufficient warnings by the Court regarding dismissal- plaintiffs' action is **DISMISSED WITH PREJUDICE** under Rule 37(b)(2)(A) of the Federal Rules of Civil Procedure.

### B. The Court Will Not Enter Default Judgment on Defendant's Counterclaim Because that Would Be Premature

In its amended answers [Docs. 7, 17], defendant filed a counterclaim against plaintiff. Defendant argues that plaintiff acted in bad faith in bringing this lawsuit, and therefore is entitled to an amount under T.C.A. § 56-7-106. [Doc. 7 at 6-8]. T.C.A. § 56-7-106 provides:

> In the event it is made to appear to the court or jury trying the cause that the action of the policyholder in bringing the suit was not in good faith, and recover under the policy is not had, the policyholder shall be liable to the insurance company, corporation, firm, or person in a sum not exceeding twenty-five percent (25%) of the amount of the loss claimed under the policy; provided, that the liability, within the limits prescribed, shall, in the discretion of the court or jury trying the cause, be

5

>measured by the additional expense, loss, or injury inflicted upon the defendant by reason of the suit.

T.C.A. § 56-7-106.

In its Motion to Dismiss [Doc. 24], defendant requests that the Court enter default judgment on its counterclaim. However, the Court will deny the request because it is premature.

A default judgment may only issue after an entry of default by the clerk. Fed. R. Civ. P. 55(a)-(b); *see also*, *e.g.*, *Shephard Claims Serv., Inc. v. William Darrah & Assocs.*, 796 F.2d 190, 193 (6th Cir. 1986) ("[E]ntry of default is ... the first procedural step on the road to obtaining a default judgment ...."); *United Coin Meter Co. v. Seaboard Coastline R.R.*, 705 F.2d 839, 844 (6th Cir. 1983) ("The procedural steps contemplated by the Federal Rules of Civil Procedure ... begin with the entry of a default by the clerk upon a plaintiff's request."); 10A Charles Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 2682 (3d ed. 1998) (Prior to obtaining a default judgment under either Rule 55(b)(1) or Rule 55(b)(2), there must be an entry of default as provided by Rule 55(a)).

Defendant did not seek an entry of default under Rule 55(a) and instead moved the court directly for a judgment under Rule 55(b)(2). Accordingly, defendant's Motion to Dismiss [Doc. 24] is **DENIED IN PART**, whereby defendant's request for default judgment on its counterclaim will not be granted.

### III. CONCLUSION

In conclusion, the Court finds that dismissal is an appropriate sanction for plaintiffs' repeated and willful refusals to cooperate in discovery. Therefore, defendant's Motion to Dismiss [Doc. 24] is **GRANTED IN PART AND DENIED IN PART**, whereby plaintiffs' action is **DISMISSED WITH PREJUDICE** under Rule 37(b)(2)(A) of the Federal Rules of Civil Procedure, and defendant's request for default judgment on its counterclaim is **DENIED**.

**IT IS SO ORDERED**.

**ENTER:**

                <u>s/ Thomas W. Phillips</u>
               United States District Judge